975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert John BRADY, Claimant-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7012.
 United States Court of Appeals, Federal Circuit.
 July 15, 1992.
Rehearing Denied Aug. 25, 1992.
Suggestion for Rehearing In Banc Declined
Sept. 16, 1992.
 
 Before MICHEL and LOURIE, Circuit Judges, and RESTANI, Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Robert John Brady appeals from the September 11, 1991 order, No. 91-1490, of the Court of Veterans Appeals (COVA) denying his petition for "common law writ of certiorari or writ of mandamus." We affirm.
 
 DISCUSSION
 
 2
 With respect to Mr. Brady's request for a writ of certiorari, the COVA, a court with only that authority set forth in the statute that created it, simply has no statutory authority to issue such a writ.[1] See 38 U.S.C. § 4052(a) (1988) (defining the jurisdiction of the COVA as "review[ing] decisions of the Board of Veterans' Appeals").
 
 
 3
 Nor does the COVA have authority to grant the petition for a writ of mandamus.[2] There are several reasons. First, Mr. Brady did not appeal to the Board of Veterans' Appeals (BVA) the denial of his claim for service-connected benefits for schizophrenia by the San Diego Regional Office of the Department of Veterans Affairs (VA). But a BVA decision is a statutory predicate for the jurisdiction of the COVA. Id.
 
 
 4
 Second, the record does not contain evidence of any circumstance that could prevent or frustrate the COVA from exercising its specific statutory jurisdiction and could thus justify a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651 (1988). Third, in any event, since the COVA is not an article III court, it is not clear that the All Writs Act applies to it. Cf. In re Innotron Diagnostics, 800 F.2d 1077, 1081 n. 5 (Fed.Cir.1986) (noting that mandamus authority extends to cases within appellate court's potential jurisdiction).
 
 
 5
 Contrary to Mr. Brady's assertion, we detect no evidence of "bodies of secret law to which those affected have no access through the DVA." Indeed, the VA explained in its June 28, 1990 letter that the "General Counsel's Office has no advisory opinions relating to the specific topics presented in your FOIA [ (Freedom of Information Act) ] request." Further, the VA stated in its September 20, 1990 letter:
 
 
 6
 [P]hotocopies of the entire contents of your Department of Veterans Affairs (VA) claims folder were mailed to you on May 21, 1990. We have therefore forwarded your [FOIA] request to the VA Regional Office in San Diego for copies of all documents filed in your records subsequent to May 21, 1990.
 
 
 7
 Accordingly, the COVA could not have issued a writ of mandamus.
 
 
 
 *
 Judge Jane A. Restani of the United States Court of International Trade, sitting by designation
 
 
 [1]
 Although the COVA "denied" Mr. Brady's petition for a writ of certiorari, the court reasoned that "[a] decision of a VA Regional Office is not subject to appeal in this Court. 38 U.S.C. § 7252 (formerly § 4052)." The COVA therefore acknowledged its lack of jurisdiction, and we treat its denial of that portion of the petition as a dismissal
 
 
 [2]
 We read the COVA order as dismissing Mr. Brady's petition for a writ of mandamus. Language in the order concerning the merits of the petition merely expresses an alternative ground for denial of the petition, and is in any event dictum